UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMMANUEL MATHIS,

    Petitioner,

-vs-                                                          Case No. 8:19-cv-2599-T-02TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court are a petition for writ of habeas corpus filed *pro se* pursuant to 28 U.S.C. § 2241 (Doc. 1), and a memorandum in support (Doc. 2). Mr. Mathis, a federal prisoner confined at FCC Coleman, Ocala, Florida, challenges his conviction for possession of a firearm by a convicted felon that was entered by the United States District Court, Southern District of Florida.

## DISCUSSION

While a § 2241 petition is the proper means to challenge the execution of a sentence or to challenge confinement that is not the result of a criminal court's judgment, a § 2255 motion is generally the proper means to challenge the detention imposed by a federal court. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 n. 3 (11th Cir. 2003). Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Although "the 'savings clause' of § 2255 permits a federal prisoner to file a

1

habeas petition pursuant to § 2241 if the petitioner establishes that the remedy provided for under § 2255 is 'inadequate or ineffective to test the legality of his detention[]'" *Sampson v. FCC Coleman-USP I Warden*, 2016 U.S. App. LEXIS 18169, at *2 (11th Cir. Oct. 6, 2016) (citing 28 U.S.C. § 2255(e) and *Bryant v. Warden, FCC Coleman Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013)), Mr. Mathis has not met this burden because his inability to meet § 2255's gatekeeping requirements does not render it inadequate or ineffective. *See Peddie v. Hobbs*, 1999 U.S. App. LEXIS 41450, at *5 (11th Cir. Nov. 23, 1999) ("Peddie's § 2241 petition attacked the legality of his sentence and thus should have been brought under § 2255, unless a § 2255 petition would be inadequate or ineffective. The mere fact that such a petition is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective.").

Moreover, even if Mr. Mathis has carried his burden to show that the savings clause applies, the petition should be considered by the sentencing court because "it is highly questionable whether this Court has the power to *resentence* Petitioner for a crime committed outside of the territorial jurisdiction of this Court" or "the power to order the sentencing court to re-sentence Petitioner." *Marshall v. Yost*, 2010 U.S. Dist. LEXIS 128405, at *27 (W.D. Pa. Dec. 3, 2010) (emphasis in original). *See also* § 18 U.S.C. 3583(e)(2) (authorizing the sentencing court to impose and modify a term of supervised release); *Eleazar v. Menifee*, 2006 U.S. Dist. LEXIS 90115, at *4 (S.D.N.Y. Dec. 5, 2006) ("only the court that sentenced petitioner can modify, reduce, or enlarge the conditions of supervised release.") (citations and internal quotation marks omitted).

Accordingly, it is **ORDERED** that this case is hereby **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings,

pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). The **Clerk** is directed to terminate any pending motions, close this case, and immediately forward the file to that district court.

**DONE and ORDERED** in Tampa, Florida, on _____10/24_____, 2019.

WILLIAM F. JUNG
United States District Judge

Copy to: Emmanuel Mathis, *pro se*